AGLETT H. BUCKNER, Trustee, etc., *et al.*, Plaintiffs in Error, *v.* LORENZO D. HAMILTON, Defendant in Error.

### ERROR TO TAZEWELL.

If a covenant be joint, suit must be brought by those having the legal interests, and jointly or severally, as it is held by them.

A contract which sells to A and B a certain interest, in equal proportions to each, and covenants not to impair the interest, is joint.

THIS was an action of covenant brought by Aglett H. Buckner, trustee of Ann Strother, Joseph A. Eddy and Jabish P. Eddy, against Lorenzo D. Hamilton.

Hamilton held certain articles of agreement for the conveyance of real estate by Wm. E. Hassen, which he assigned to the plaintiffs by the following indorsement:

"KNOW ALL MEN BY THESE PRESENTS, That I, Lorenzo D. Hamilton, for and in consideration of two hundred dollars, have sold and assigned, and do hereby sell and assign to Aglett H. Buckner, trustee of Ann Strothers, wife of R. M. Strothers, one-half, and Joseph A. and Jabish P. Eddy, the other half of my interest in the within bond, and the land there described, and covenant and agree to and with said Buckner, said trustee, and J. A. and J. P. Eddy, that I have not in anywise or manner done or suffered any act or thing that shall or can, in any event, lessen or destroy my right under said bond since its execution.

WITNESS my hand and seal this 12th May, 1852.

L. D. HAMILTON. [ L. S. ]

Upon this covenant the action is brought. In the second count, the article and this covenant are set out in *haec verba*, and the breach assigned is, that after the execution of the article, and before the covenant, Hamilton had released Hassen from his liability on the article.

The defendant demurred to the declaration, and each count thereof, and the court sustained the demurrer on the ground that an action would not lie on this covenant in the *joint* names of Buckner and the Eddys, but that separate actions should have been brought for the half damages going to Buckner as trustee, and the half damages going to the Eddys.

The plaintiff brings the case here.

The cause was heard before DAVIS, Judge, at March term, 1855, of the Tazewell Circuit Court.

MANNING and MERRIMAN, for Plaintiffs in Error.

N. H. PURPLE, for Defendant in Error.

SCATES, C. J. The question raised upon this demurrer looks very much like one of fact instead of law, and that is, whether

the covenant is joint or several. We must, however, determine, as a matter of law, who are the parties, what is the covenant, and to whom and how made.

It is contended that it is several, because it conveys several and distinct interests to different and distinct persons, in different rights, though undivided, and it is illustrated by a case of distinct deeds for these undivided moieties. It would seem to me, that the argument is more specious than solid, and that the illustration proves the reverse of the position. Had he entered into separate covenants, there can be no question of the position, and this might have been done for undivided moieties, or other proportions. But, instead of doing so, he covenanted with all that they should hold undivided moieties; Buckner, as trustee of Mrs. Strother, one-half, and the Eddys the other. The interests are not divided; they are only apportioned by the covenant, but the covenant itself is joint. The construction that it is several, because the proportions of each are specified, would make all covenants, promises, etc., several, however the wording might be, for I can see no difference between the statement of the fact on the face of the agreement, and its existence without. It can make no sort of difference that Buckner did not take the interest in his own right. The legal right is in him, and Hamilton cannot object to his suing because he holds to the use of another. That may be all laid out of view, as for any purpose of construing the meaning of the party, as to whom he bound himself. I really can see nothing in the form or substance of the covenant that could raise any doubt of its being a joint one, save the designation of the respective interests, and this fails to present such an intention of the parties to my mind. Suppose the covenant had been to two, and was silent as to the proportion of interest in each, and yet the law would give them moieties, still, it would seem to me, no one could doubt that the covenant was joint. Suppose the covenant expressed the proportions, could that alter it? It would seem to me not, and if not, I cannot perceive how a similar undertaking to these can have that effect, whether their respective interests be expressed or not, or whether equal or disproportionate when expressed. So, then, if the covenant be joint, suit must be made by those having the legal interests, and joint or several as they hold it. *Pigott* v. *Thompson*, 3 Bos. and Pul. 148, and note a; *Kingdon, executrix,* v. *Nottle,* 1 Maul. and Selw. R. 355; *Anderson, administrator,* v. *Martindale,* 1 East R. 497; *Berkeley* v. *Hardy,* 11 Eng. C. L. R. 495, top; *Southampton et al.* v. *Brown,* 13 Eng. C. L. R. 303; 1 Chit. Pl. 2, *et seq.*

Judgment reversed and cause remanded.

*Judgment reversed.*