# JOHN WAGGEMAN

*v.*

# DANIEL J. BRACKEN.

1. CONTRACTS—*mutuality.* An article of agreement, purporting to be made between two parties, imposing mutual obligations upon them, showing upon its face it was to be executed by both parties before it would be binding on either, but only executed by one of them, can not be given as evidence to the jury for any purpose, not even against the party executing it.

2. Such a paper could have no other effect than that of a mere memorandum which could be used by the witness to refresh his memory.

3. CONTRACT—*evidence of a special contract.* Where a party makes a proposition to another in regard to building a house for the latter, the mere fact that the former commences the work with the assent of the latter, is not conclusive evidence of a special contract in respect thereto. The work may have been commenced under a *quantum meruit.*

4. INSTRUCTION—*should present the different hypotheses of the parties.* In an action where the question was, whether a special contract existed as to the subject matter of the suit, an instruction was asked, by which it was sought to tell the jury that certain things would constitute a special contract between the parties, by summing up one view of the evidence, without qualification by reference to the opposite hypothesis: *Held,* that this was properly changed, by saying that the matters enumerated would be proper to be considered in determining the question of contract.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The opinion states the case.

Messrs. COOPER & Moss, for the appellant.

Mr. J. S. STARR and Messrs. JOHNSON & HOPKINS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Bracken against Waggeman, to recover a balance due for building a house. The plaintiff recovered a verdict and judgment.

The point chiefly relied upon by appellant is, that the court erred in excluding from the jury a certain article of agreement, which the appellant insists was the contract under which the house was built, while the appellee claims there was no special contract. The recovery in the circuit court was upon a *quantum meruit.*

It appears that Bracken, having furnished Waggeman with certain written estimates of the different items of expense, based upon the plans and specifications, drew up a formal article of agreement, purporting to be made between Bracken, as party of the first part, and Waggeman, as party of the second part, by which Bracken was to bind himself to furnish certain materials and perform certain labor as set forth in detail in the article, and Waggeman was to undertake to pay a certain sum of money in the manner therein specified. Bracken prepared this agreement, signed it, and handed it to Waggeman, who took it and made numerous and material alterations in it, but never signed it. Bracken swears he never saw the agreement after he signed it, until Waggeman produced it at the trial. Waggeman swears, when Bracken gave him the agreement, he proposed to take it, with the plans, estimates and specifications, to the architect, and have them condensed, as he terms it, into one, to which Bracken assented, and he took them to the architect. The latter delayed preparing the papers, and he procured them again, and, having made his alterations, showed them to Bracken, who, as Waggeman testifies, assented to them. During the delay, while the papers were in the hands of the architect, Bracken commenced the house, but, as Waggeman swears, became dissatisfied, from the fear that he would lose money, and after a proposition to give up the work, and some talk about that, Waggeman testifies that he went on, " with the understanding that the estimates,

plans, &c., should govern." This is the language of the witness, and it is to be observed, he does not swear that the written article was to govern, but only the estimates and plans, unless we are to conclude that the article was comprised in the " &c." Bracken swears he was to go on and do the work for what it should be worth.

Under this evidence, we are of opinion the court did not err in refusing to let the article of agreement go to the jury. It shows upon its face that it was to be executed by both parties, and was not to bind either until executed by both. Yet it was never executed by Waggeman. There was no mutuality. If Bracken had brought suit upon this agreement, Waggeman would have successfully defended on the ground that he never executed it. Viewed even as a proposition in writing by Bracken, of the terms upon which he would do the work, and even admitting that Waggeman could have accepted it without making it mutual by executing it, which we do not admit, because inconsistent with the evident intent of the instrument, yet Waggeman did not accept it, but materially changed its terms. True, he swears Bracken assented to these changes, but the latter denies this, and Waggeman only testifies that the work went on, " with the understanding that the estimates, plans, &c. should govern, and that what I did should be deducted." This loose statement by him tends to confirm the testimony of Bracken, that the article of agreement was abandoned. The estimates were allowed to go in evidence. But it is enough to say that the instrument, on its face, shows it was not designed as a written proposition embodying the terms upon which Bracken would do the work, but as an instrument to be executed *inter partes*, each binding himself to the performance of certain obligations, and it was never executed by Waggeman.

His counsel, however, insist that, if not a contract in itself, it tended to show there was a contract, and its terms, and should therefore have gone to the jury. This position is not tenable. If it was not a contract, intended and executed by the parties

as such, it was a nullity, and had no place in the evidence. Its introduction would have tended simply to bewilder and mislead a jury. It was wholly immaterial what its provisions were, as they were not binding. If there was a special contract between these parties, it was a verbal one, and if the house was built under such verbal contract, the defendant was at liberty so to state in his testimony, and to give its terms. If he desired to do so, he could refer to this paper to refresh his memory, as he might have referred to any private memorandum made at the time by himself, and kept in his possession. But, as a distinct and independent piece of evidence, it proved nothing, and was clearly inadmissible. A contract can not be partly in writing and partly in parol, and if this paper was not a contract binding upon the parties, as it clearly was not, then it was nothing as evidence. The appellee denies there was any contract of any sort. Suppose the appellant should swear there was, and that its terms had been embodied in a memorandum made by him at the time, but not executed by the parties. Such a memorandum would have occupied the same position as this paper, and could have been used by the witness to enable him to testify as to the terms of the alleged verbal contract, but could not have gone to the jury as evidence in itself that a contract was verbally made, or as to what were its terms. The appellant in this case was not denied the privilege of stating in full the terms of the alleged verbal contract, or of referring to the written article to enable him to state them, as he might think proper. He was only denied the privilege of sending this unexecuted and mutilated paper to the jury as a piece of evidence shedding light upon the question whether there was a contract or not, and if there was, what were its terms, and in this there was no error.

Counsel for appellant take some exceptions to plaintiff's instructions, but they only announce familiar principles of law, and can not have misled the jury.

It is also objected that the defendant's fifth instruction, as drawn, was refused, but it was properly refused. It sought

to tell the jury that certain things would constitute a special contract between the parties, by summing up one view of the evidence, without qualification by reference to the opposite hypothesis. The court changed the instruction by saying, the matters enumerated would be proper for the consideration of the jury in determining the question of contract. It might, with propriety, have refused the instruction altogether, as calculated to mislead. As drawn, the instruction did not require an acceptance by defendant of plaintiff's proposition, but merely that the jury should believe the plaintiff commenced work with the assent of defendant. Until the defendant had accepted his proposition, the mere commencement of work would not be conclusive evidence of a contract. It might have been commenced under a *quantum meruit*, as plaintiff swears it was.

*Judgment affirmed.*