## TOM W. KINDER

### *v.*

## BRINK, McCORMICK· & Co.

1. PROPOSITION—*binding on party making, when acted on by other party.* A proposition in writing, signed by a party, to pay a sum of money to another upon the performance by the other of certain things, when accepted and acted upon, and the things to be done are performed before the proposition is withdrawn, becomes binding on the party signing it.

2. INSTRUCTION—*whether calculated to mislead.* An instruction stated to the jury, that if certain work was of the character contemplated by the parties, the jury should find, etc. It was objected that the word "quality" should have been used instead of "character," but the court held that the words were frequently used convertibly, and that in the connection in which the term was used in the instruction, it could not have misled the jury.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KROME & HADLEY, for the appellant.

Messrs. GILLESPIE & HAPPY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action originally brought before a justice of the peace in Madison county. A trial was had, resulting in a judgment in favor of plaintiffs, for the sum of $25 and costs. The case was removed to the circuit court by appeal, and on a trial by the court and a jury, it likewise resulted in a judgment in favor of plaintiffs, for $79. A motion for a new trial was entered and overruled, and defendant appeals to this court.

The suit was brought on this instrument:

" $100.                    VENICE, ILL., *Oct.* 27, 1873.

" In consideration for causing a sketch of my early history and portrait to be printed in their Atlas Map of Madison County, I promise to pay to Brink, McCormick & Co., or order, the sum ———, the whole sum amounting to $100, one-fourth of the payment to be made on signing contract, remainder when the maps are ready for delivery.

                              " TOM W. KINDER."

There were indorsed on the instrument, at different dates, payments amounting to $21.

The first objection urged is, that the instrument does not purport to be a contract, but simply a unilateral statement or proposition; that it is signed by but one party, and only binds that party; that, had appellees failed or refused to print the early history and portrait of appellant, he could not have maintained an action to recover damages. This, like any other such proposition that one party makes to another, may be accepted, and when acted upon, and the matters proposed to be done are accomplished before the proposition is withdrawn, it becomes binding on the party making the offer. This is true

of conditional promissory notes, subscriptions for the building of churches, seminaries, charitable institutions, and many transactions of daily occurrence.

The case of *Randolph County* v. *Jones*, Breese, 237, is referred to as announcing a different doctrine. If that case announces the doctrine contended for, then it is modified, if not overruled, by *Robertson* v. *March*, 3 Scam. 198, *Thompson* v. *Board of Supervisors*, 40 Ill. 379, and numerous other cases in this court; and, so far as we can see, *Waggeman* v. *Bracken*, 52 Ill. 468, does not have the remotest application to the facts of this case. There, articles of agreement were prepared to be executed by two parties, and were signed by but one of them, and it was held that they were not binding as a contract, nor had they any legal effect, but were simple memoranda. Here, the instrument was only intended to be executed by the party who signed it, and it was executed and delivered.

It is urged that the court erred in giving appellees' instructions. It is objected to the first, that if the insertion of the early history and the portrait in the map was of the character contemplated by the parties, then the jury should find for the defendant, that it should have used the word " quality " instead of the word " character." We do not see that this could have misled the jury. It is believed that the two terms are frequently used convertibly, and in the connection and under the circumstances the term was used in the instruction, we deem it almost impossible for the jury to have misunderstood or to have been misled by it.

It is urged that the second instruction was erroneous. It tells the jury, that if they believed that, at the time of making the contract, the standard of the work was to be the Morgan County Atlas, and they further believed that the work done was of that character, then they should find for the plaintiffs. We can perceive no force in this objection. There was evidence tending to prove that the Morgan County Atlas was to be the standard for the proposed atlas, and evidence as to the manner in which it was executed. If the work came up to that standard, and that was adopted as the measure of the

Madison county map, then there can be no question of appellant's liability, and it was for the jury to pass upon and find the facts. This instruction was entirely accurate.

It is insisted that the verdict is not sustained by the evidence. It was, as we generally find it, somewhat conflicting; but if the evidence of the appellees stood alone in the record, it would be amply sufficient to sustain the verdict, nor do we think that it has been overcome by that of appellant. The jury saw the bearing of the witnesses on the stand, heard them testify, and they had superior advantages of weighing and finding the value of the evidence, and, having determined it, we will not interpose to set their finding aside.

The judgment of the court below must be affirmed.

*Judgment affirmed.*