JOHN WETENKAMP ET AL.

V.

WILLIAM BILLIGH ET AL.

*Mechanic's Lien—Notice—Signature—Joint Contract—Parol Evidence.*

1. The notice required by Sec. 30, Chap. 82, R. S., should be dated and signed by the person claiming a mechanic's lien. Without signature the notice is fatally defective.

2. In the case presented, it is *held:* That the contract for the erection of the building constituted the mason and carpenter joint contractors; that parol evidence is inadmissible to show a different intention; and that a paper subsequently signed by the owner only, can not be regarded as a contract.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. HARRY RUBENS and ROBINS S. MOTT, for appellants.

Messrs. MEYER & COLLMAN, for appellee.

GARY, J.   About the 1st of November, 1885, the appellants, intending to build, received from Billigh this proposition:

"W. BILLIGH, 3006 Emerald Avenue, Mason, Builder
and Contractor, of Chicago, Ill.

"I propose to furnish the building according to plans and specifications for the sum of seventy-four hundred and fifty dollars ($7,450).

"W. BILLIGH."

On the 4th of the same month this contract was made:

"This agreement made this fourth day of November A. D. 1885, by and between William Billigh and Henry Beck, parties of the first part, and Billigh & Beck, party of the second part. witnesseth, Wetenkamp Bros.

"That the parties of the first part, said William Billigh and H. Beck will build a house for the party of the second part ———— for the sum of $7,450 (seven thousand four hundred and fifty dollars) according to the plan and specifications, the payments to be made in the following manner:

"First payment to take place when the basement is put up in the sum of one thousand dollars ($1,000).

"Second payment when the first story is up, in the sum of one thousand dollars ($1,000).

"And the balance, eleven hundred dollars ($1,100), when the mason work is all finished.

" Carpenter's first payment in the sum of $400 (four hun dred dollars) has to be made when second joist is up, the second payment in the sum of one thousand dollars ($1,000) as soon as the roof is on, and the third payment in the sum of one thousand dollars ($1,000) when the first coat of plaster is on and all the grading done.

" All the balance of the contract money has to be paid when the house is all completed and the keys turned over to the party of the second part.

"CHICAGO, November 4, 1885.

" 300 $ tree hundert dollars has to be paid after tirty days after the building is furnicht on cairpender work.

"J. WM. WETENKAMP BROS.

" W. BILLIG,

" H. BECK,

    " Contractors."

Billigh was the mason and Beck the carpenter, and divided the work between themselves at the prices stated in the contract. Some three or four weeks afterward, the work, both mason and carpenter, having been begun, Beck brought to appellants, and they signed, this paper:

" This Agreement made this 4th day of November, 1858, by and between Henry Beck, party of the first part, and Wetenkamp Bro., party of the second part, Witnesseth: That the parties of the first part, said Henry Beck, will do the carpenter work and all other work to furnish the house and turn the key to the owner for the sum of fourty tree hundred and fifty dollars 4350$ according to the plans and spesifications first payment to be made when second joist is up 400.00$, secont paimend is the sum of 1000.00$ as soon the roof is on and the third paimand in sum of 1000.00$ when the first coat of paster and all the glasing is done. All the balance of the contract money has to be paid when the house is all completed and the keys turned over to the party of the second part.

" Three hundret dollars has to be paid 30 days after the building is furniched on carpenter work.

"WILLIAM WETENKAMP, JOH. WETENKAMP."

The '58 in the date is a Teutonic transposition of '85. The mason work was done, but the carpenter not, and it cost the appellants more than the original contract price to finish the building.

Welin, a sub-contractor under Beck, filed a petition for a mechanic's lien on the building. The South Halsted Street Iron Works, as sub-contractors, also, under Beck, intervened and claimed a lien. Hlinka, as sub-contractor under Billigh, did the same.

Billigh and Beck answered, and claimed that although they were originally joint contractors for the whole building, subsequently the matter was changed to a separate contract by Billigh for the mason work, and by Beck for the carpenter work. No further statement of the pleadings is necessary to a decision of the case.

There was a decree in favor of Billigh, of Hlinka, and of the Iron Works, but all other claims for liens were dismissed. Whether the first two shall be reversed depends upon whether Billigh is to be treated as a contractor with Beck for the whole building, in which case the building, not having been completed by the contractors, and having cost the owners more than the contract price to finish, neither the original contractors or sub-contractors under either of them are entitled to any lien, except under special circumstances as to sub-contractors, that do not exist as to Hlinka, and which will be discussed in considering the claim of the Iron Works.

It is not denied that the original paper, dated November 4, 1885, notwithstanding the jumble that is made, is a joint contract by Billigh and Beck with the appellants. The court is to take it as the language, used under the circumstances by which the parties were surrounded, means. Bishop on Cont. Sec. 365, *et seq.;* Buckner v. Hamilton, 16 Ill. 487.

But the appellee, Billigh, insists that the parties themselves did not mean what the language they used means, and that their conversation at the time, and subsequent conduct, shows that they all regarded Billigh as the mason and Beck as the carpenter contractor, not respectively responsible each for the other's part of the work. But the rule that written contracts

Wetenkamp v. Billigh.

are not to be varied by parol evidence, is so familiar that it would be affectation to cite authorities in its support.

The paper last set out in the opinion is signed only by the appellants. It is not, of itself, a contract. Waggeman v. Bracken, 52 Ill. 468. From the parol evidence there is some difficulty in arriving at any satisfactory conclusion as to why Beck wanted it. There were no negotiations that led to it, nor was any new paper made between Billigh and the appellants. The most plausible reason that appears for the making of it is that Beck considered himself to be a contractor only for the carpenter work, and wanted something in his own hands, the original being in the hands of Billigh. But in whatever aspect that paper is viewed, it can not be considered as substituting separate contracts for the separate parts of the work for a joint contract for the whole. Neither Billigh, as original contractor, nor Hlinka, as sub-contractor under him, are, therefore, entitled to any relief from the appellants.

The South Halsted Street Iron Works claim that they complied with the various provisions of Chap. 82 concerning liens, and that after they served a notice the appellants paid more money to Beck than was required to pay them. The appellants deny the service of any notice.

Upon the conflicting evidence as to the service of the notice the decree would not be disturbed. The form of notice given in Sec. 30 contemplates that it shall be dated and signed by whoever is to claim the lien. The witness who testifies to the service of the notice says that he does not think it was dated, and does not know how it was signed, as the same establishment does business both under the name of the South Halsted Street Iron Works and Vanderkloot & Son. The Iron Works professes, as the name not being the name of an individual imports (U. S. Ex. v. Bedbury, 34 Ill. 459), to be a corporation, and their answer makes an exhibit of a supposed copy (none in fact being kept) of a notice under the corporate seal, signed by the secretary. The want of a date may, perhaps, be overlooked, as rights accrue from the date of service and not from any date on the notice, but, without a signature,

the owner has no notice of who claims the lien.   The connection between the claimant and the lien must appear on the notice, as the owner has nothing but the notice for his guide.

The decree in favor of Billigh, of Hlinka, and of the South Halsted Street Iron Works must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Judge GARNETT, having tried this case in the Superior Court, takes no part in this decision.