## James E. Moore and William J. Moore v. George C. Prussing.

1. PROMISSORY NOTES—*Terms of, Not to be Varied by Parol Proof.*—The rule that written instruments are not to be varied by parol proof applies to promissory notes.

Assumpsit.—On promissory notes.   Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed.   Opinion filed February 11, 1896.

MOSES, PAM & KENNEDY, attorneys for appellants.

PRUSSING & McCULLOCH, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action upon a promissory note made by the appellants as they respectively testified, but of which we find in the abstract no further description, except that the appellee testified that he was the owner of a note which, with interest, amounted to $2,773.68, no part of which had been paid.

The defense attempted, by pleas and offer of testimony, was that there being a building owned by the Potomac Apartment Company, which company was unable to pay its debts, and in which company the appellants appear to have been interested, they gave notes to the amount of $12,500, for which the appellee gave his check for the same amount, which being deposited in another account, the amount was paid out afterward as the appellants, or one of them, thereafter directed, presumably to pay debts which the company owed, and that the notes were made, quoting from the abstract as to offer of proof, " upon the condition that they were not to be operative nor collected from" the appellants, " nor should" the appellants " be called upon to pay them until after" the appellee " had

exhausted the security which had been proposed to be given;" which was a destination of the rents of the building, in an agreement between a bank and the company, to the payment of various demands, probably including the notes in suit.

How that condition was to be proved, counsel did not state. No offer of any writing or of any conversation was made tending to prove any such condition. Gaffield v. Scott, 33 Ill. App. 317.

So much of the proof embraced in that offer as related to the collection of the notes was incompetent.

Upward of seven years ago I wrote that "the rule that written contracts are not to be varied by parol evidence is so familiar that it would be affectation to cite authorities in its support." Westenkamp v. Billigh, 27 Ill. App. 585.

Time has not lessened that familiarity.

Now as to the "operative." The word is very inapplicable to the subject-matter. "Active in the production of effects" (Webster's Dict.), is a very ambiguous phrase, if applied to a promissory note.

There was no error committed in rejecting offered evidence.

It would occupy too much space to go over the pleadings. If the appellants had any defense, consistent with their own testimony as to the transaction in which the notes were given, it was admissible under the pleas which remained in the case; but there is nothing to raise even a reasonable suspicion of any defense, and the judgment is affirmed.