COMMONWEALTH *vs.* WILLIAM W. BARTLETT & another.

Suffolk.    November 20, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Ship.    Seamen.    Enticing Crew of Vessel to desert.*

Under U. S. Rev. Sts. §§ 4520, 4523, a seaman does not become a member of the crew of a vessel exceeding fifty tons burden which is bound from a port in this Commonwealth to a port in any other than an adjoining State until the shipping articles have been signed both by the master and himself, and no complaint under R. L. c. 66, § 2, will lie for enticing him away from the vessel before such signing.

COMPLAINT, received and sworn to on March 7, 1904, under R. L. c. 66, § 2, for enticing and assisting one Peter Nicoll, alleged to have been a member of the crew of the schooner Addie M. Lawrence, to leave and desert that vessel before the expiration of his term of service.

At the trial in the Superior Court before *Harris*, J. the defendants made a motion to quash and a motion to dismiss the complaint on the grounds, among others, that R. L. c. 66, § 2, is in violation of the Constitution of the United States which confers upon the courts of the United States admiralty and maritime jurisdiction and gives Congress the power to regulate commerce among the several States.    U. S. Const. art. 3, § 2; art. 1, § 8. Both of the motions were denied.

At the trial it appeared that on the evening of February 5, 1904, the Addie M. Lawrence, a six-masted schooner exceeding fifty tons burden, was lying in Boston Harbor, and was to sail on a voyage to Norfolk and Newport News, Virginia, that on that evening Peter Nicoll, named in the complaint as one of the crew of the vessel, was on board performing duties which he had agreed to perform, and that he had made an oral contract with the captain of that vessel to perform duty as a seaman. Evidence was introduced tending to show that he had signed the shipping articles before the acts complained of, and the question of whether he had done so was left to the jury under instructions, to which the defendants excepted.    It appeared that

the captain had not signed the shipping articles at the time of the acts complained of. There was evidence tending to show that a full complement of men had been hired, some of whom were not on board but were to arrive on board in time for the vessel to sail on the following Saturday, the vessel herself being ready for sea. It was conceded by the Commonwealth that the captain had not signed the articles, as he was waiting to sign once for all, when all were finally on board.

The defendants contended, first, that Nicoll was not a member of the crew within the meaning of the statute, and, second, that the act was unconstitutional and conferred no jurisdiction on the court, and requested the judge to give, among other instructions, the following: ·

8. A person is not a " member of the crew " under this statute until the agreement of service is signed not only by himself, but by the captain of the vessel, as required by U. S. Rev. Sts. § 4520.

14. " Term of service " as used in this statute means a specific period of service, not a service at will.

15. If it appears that the agreement for service was not signed by the captain, and that the persons persuaded had entered on the duties of their employment, the service is merely at will, and the defendants must be acquitted.

20. R. L. c. 66, § 2, has no application to vessels engaged in interstate or foreign commerce, and if it appears that the vessels in question were bound for ports in some other State or country the defendants must be acquitted.

21. The case presented by the government is exclusively cognizable by the federal courts of admiralty and maritime jurisdiction, and this court has no jurisdiction thereof.

The judge refused to give these instructions, and left the case to the jury, who returned a verdict of guilty. The judge imposed a sentence of imprisonment for one month in the house of correction and a fine of $100 on each defendant, and granted a stay of execution, to await the further order of the court. The defendants alleged exceptions.

*A. P. Gay,* (*J. T. Keen* with him,) for the defendants.

*F. H. Chase,* First Assistant District Attorney, for the Commonwealth, submitted a brief.

KNOWLTON, C. J.   The defendants were complained of under R. L. c. 66, § 2, for enticing and persuading, and aiding and assisting a member of the crew of a vessel about to sail from the port of Boston, to leave and desert said vessel before the expiration of his term of service therein.   It appeared at the trial that the vessel was about to sail to Norfolk, Virginia, and that Nicoll, the person alleged to have been enticed and persuaded, had made an oral contract with the captain to perform duty as a seaman.   It was admitted by the Commonwealth that the captain had not signed the shipping articles at the time of the acts complained of, but there was evidence tending to show that Nicoll signed them, either before or after the alleged misdemeanor of the defendants.   The judge instructed the jury that the fact that the shipping articles had not been signed by the captain would not relieve the defendants from liability, if the other material facts were proved, and that it was of no consequence whether Nicoll signed the articles before or after the acts of the defendants, if he previously had made an oral contract with the captain for service as a seaman on board the vessel.

In order to constitute an offence under the statute, the influence referred to must be exerted upon "a member of the crew of a vessel . . . before the expiration of his term of service therein."   The person referred to must not only be a member of the crew, but he must be one who has entered upon a term of service which is to continue for some time in the future.   Unless there is such a term during which the member of the crew is under a binding engagement to serve on the vessel, it is no offence to persuade or entice him to leave the vessel.

For the protection of seamen as well as shipowners, the statutes of the United States contain elaborate provisions regulating the making of contracts for service on shipboard.   The U. S. Rev. Sts. § 4520 provides that the master of a vessel of the burden of fifty tons or upwards, bound from a port in one State to a port in any other than an adjoining State, shall, before he proceeds on such voyage, make an agreement in writing or in print with every seaman on board such vessel, declaring the voyage or term of time for which such seaman shall be shipped. Section 4523 declares that: "All shipments of seamen made

contrary to the provisions of any act of Congress shall be void; and any seaman so shipped may leave the service at any time." Shipments of seamen without the signing of shipping articles are void, and the seaman may leave the vessel at any time. *The Pacific,* 23 Fed. Rep. 154. *The Lud Keefer,* 49 Fed. Rep. 650. *The City of Fremont,* 2 Biss. 415. If the shipping articles are not signed until after the vessel has left her port of departure, or if they do not declare the voyage with sufficient definiteness, or if wages are advanced to a seaman contrary to the act of Congress, the shipment is void, and the seaman may leave the service at any time. *The Occidental,* 101 Fed. Rep. 997. *Snow* v. *Wope,* 2 Curt. C. C. 301. *Kenney* v. *Blake,* 125 Fed. Rep. 672.

The shipment of a seaman becomes of binding effect upon the signing of the shipping articles. *Tucker* v. *Alexandroff,* 183 U. S. 424, 442, 444. *The Ida G. Farren,* 127 Fed. Rep. 766, 767. *Patterson* v. *Bark Eudora,* 190 U. S. 169, 175. Other sections of the Revised Statutes of the United States show that the shipping articles constitute the only binding contract for a term of service. Section 4521 provides that, "Any seaman who has not signed such a contract shall not be bound by the regulations nor subject to the penalties and forfeitures contained in this title." See also §§ 4511, 4523, 4612, and the form of articles of agreement, Table A, at the end of Title LIII.

These articles, to be binding, must be signed by both the master and the seaman. The form already referred to at the end of Title LIII. shows this. In reference to vessels of a different class from this, it is provided, in regard to articles signed before a shipping commissioner, that "every such agreement . . . shall be signed by the master before any seaman signs the same." Articles under § 4520 may be made before a shipping commissioner, although they are not required to be so made. U. S. St. June 19, 1886, c. 421, § 2; 24 U. S. Sts. at Large, 80. When so made they must be made in the same manner as those required to be made before a shipping commissioner, that is, they must be signed by the master before being signed by any seaman. In this case it appears that the master "was waiting to sign once for all, when all were finally on board." The articles, therefore, were not binding upon either party because they were not signed by the master. This is in accord-

ance with the rule of law in regard to ordinary agreements in writing which are made to be executed by two parties mutually contracting with one another. *Goodenow* v. *Dunn*, 21 Maine, 86, 91. *Waggeman* v. *Bracken*, 52 Ill. 468. *Barber* v. *Burrows*, 51 Cal. 404. *Arnold* v. *Scharbauer*, 116 Fed. Rep. 492, 495. It follows that Nicoll was not a member of the crew who had entered upon a term of service, or who was bound to any term of service, at the time of the alleged acts of the defendants. He was at liberty to leave the ship at any time, inasmuch as he had made no binding contract. Upon the facts admitted by the Commonwealth, the defendants could not legally be convicted.

The defendants filed a motion to quash and a motion to dismiss, and took exceptions to orders overruling these motions. The questions arising under the motions, which relate principally to the constitutionality of R. L. c. 66, § 2, are properly before us on the exceptions. But inasmuch as, on the admitted facts, our decision upon the other questions will finally dispose of the case, we do not think it necessary to consider the constitutional questions.

*Exceptions sustained.*