P–H. Lumber Company, Incorporated, Appellant, v. Elizabeth Thielen, Appellee.

Opinion filed May 29, 1933.

WEIHL & WEIHL, JOSEPH W. RICKERT and BEASLEY & ZULLEY, for appellant.

A. D. RIESS and A. C. BOLLINGER, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee desired to have a summer house built and a well dug on her farm. Mr. Hill, appellant's president, submitted a written unsigned bid, which, in so far as it applies to the well, is as follows: "It is suggested that the well be dug first before any portion of the building is erected. The price on the well dug and walled with limestone will be $4.60 a foot." Appellant sunk a well to a depth of 44 feet, 18 feet through earth and 26 feet through rock. The total bill for the well was $1,183.19. Appellee paid $204.40 leaving a balance of $978.79.

Appellant sued to recover the balance and in the fourth count of its declaration it set out the bid and averred that after the bid was submitted the parties entered into an arrangement whereby appellee agreed that any blasting and rock work were to be extra. To that count appellee filed the general issue and a special plea denying any change in the original bid. The evidence on the part of appellant clearly showed that the alleged change was agreed upon before work was begun. A copy of the original bid was delivered to appellee but there was no evidence that she accepted the bid or authorized appellant to dig the well under that bid. On the contrary the undisputed evidence offered by appellant was to the effect that after the change was discussed and she was advised that blasting and rock work would be extra, she told Mr. Hill to go ahead and dig the well.

At the close of appellant's evidence the court directed a verdict in favor of appellee. It clearly appears that the court was of the opinion that the unsigned bid was a contract in writing which could not be changed or modified by parole. The bid was not a contract in writing and under appellant's evidence was not accepted by appellee as the contract under which the well was dug.

Where a party makes a proposition to another in regard to building a house for the latter, the mere fact that the former commenced the work with the assent of the latter, is not conclusive evidence of a special contract in respect thereto. The work may have been commenced under a *quantum meruit*. *Waggeman v. Bracken*, 52 Ill. 468. If the testimony offered by appellant is true, and we must assume that it is, the court erred in directing a verdict in favor of appellee. Appellant was entitled to aver and prove that before any work was done the original bid was changed by an agreement between the parties and that the well was dug in accordance therewith. The judgment is reversed and the cause remanded.

*Reversed and remanded.*