**Mrs. Eva HART, Plaintiff,**

v.

**BUCKEYE INDUSTRIES, INC., Defendant.**

**Civ. A. No. 702.**

United States District Court
S. D. Georgia,
Dublin Division.

Nov. 12, 1968.

Howard Moore, Jr., Atlanta, Ga., for plaintiff.

Daniel R. Coffman, Jr., Jacksonville, Fla., for defendant.

### ORDER ON DEFENDANT'S MOTIONS

LAWRENCE, District Judge.

In this EEOC case defendant has filed a motion to dismiss the class action feature of the complaint, a motion for more definite statement, and a motion to strike a certain allegation.

### MOTION TO DISMISS

Plaintiff brought the suit as a class action for herself and "on behalf of all others similarly situated". She alleges that common questions of law and fact affect the rights of "other Negroes seeking employment opportunities" with defendant. At the time she applied for employment with the defendant there were positions open for machine operators but she was denied such employment, she alleged, because of her race. According to the complaint, defendant pursues a policy and practice of only employing members of the Caucasian race although Negroes constitute one-third of the population of Johnson County in which the plant is located.

■■ I do not think a motion to dismiss offers the most desirable stage for proper evaluation of the class action feature. In any event, while the allegations in support of the class action are somewhat meager, they are sufficient, in my opinion, to withstand a motion to dismiss. Certainly, Jenkins v. United Gas Corporation, 5 Cir., 400 F.2d 28 would require me to overrule the motion to dismiss the class action. A more intelligent appraisal of whether to permit a class action can be made after an evidentiary hearing or at some subsequent point in the litigation. The matter will take that course.

### MORE DEFINITE STATEMENT

Defendant asks for more definite information in paragraph three of the complaint in respect to (a) what is the "policy, practice and custom, and usage" of the defendant and (b) what are the names of "others similarly situated". It seems to me to be better practice for such information to be elicited by a party through interrogatories rather than on a motion for more definite statement. The allegation sufficiently apprises defendant of plaintiff's contention to enable it to frame a responsive pleading. Defendant's motion is therefore denied.

### MOTION TO STRIKE

■ Defendant moves to strike the reference in paragraph seven to a letter from the Commission notifying plaintiff of the existence of reasonable cause to believe that an unlawful practice under the Civil Rights Act of 1964 had been committed. Defendant asserts that the

pleaded matter is immaterial and I agree. The only Commission action in such cases which has any relevance to subsequent litigation in the Federal Courts is the necessity of notice to the person claiming to be aggrieved that voluntary compliance by the employer was not obtained. In King v. Georgia Power Company, 943 F.Supp. 295 (Civil Action 11, 858, N.D., Ga. August 7, 1968) Judge Smith held that the decision of the EEOC is not relevant to the civil action and in fact would be prejudicial and is therefore properly stricken.

The motion to strike the irrelevant portion of the notice dated February 26, 1968, is granted. The page of the complaint involved can be recast.