Joe E. KELLY, Plaintiff,

v.

RICHLAND SCHOOL DISTRICT 2, a Body Politic and Corporate, and Dr. H. E. Corley, Administrative Superintendent of School District 2, in his official capacity and personally, and the following named persons who are members of the Board of Trustees of Richland School District 2, each of them being made Defendants in his respective official capacity as Board Members and personally, Mr. Leon A. Cooper, Jr., Mr. David A. Rascher, Mr. Brooks Brown, III, Mrs. W. E. Helms, Jr., and Mr. Frank L. Estep, Defendants.

Civ. A. No. 78–150.

United States District Court,
D. South Carolina,
Columbia Division.

July 21, 1978.

T. Travis Medlock, of Medlock & Davis, Columbia, S. C., for plaintiff.

Bruce E. Davis, Camden, S. C., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE

HEMPHILL, District Judge.

This is an action for declaratory, injunctive relief and back pay award on behalf of plaintiff, a black male Assistant Principal, who was allegedly denied promotion to the position of Principal in Richland School District 2. Plaintiff contends the denial of promotion was discriminatory in nature because of his race. He seeks relief under 42 U.S.C. § 2000e, *et seq.* (Title VII) and § 1983 [1], basing jurisdiction for his respective claims on 42 U.S.C. § 2000e–5(f) [2] and 28 U.S.C. § 1343(3) and (4) [3].

Plaintiff is holder of an "A" professional teaching certificate from the State of South Carolina, a B. S. degree from Benedict College, and a Master of Science degree from Duke University. He alleges that several openings for Principalship positions had be-

---

1. 42 U.S.C. § 1983 provides: Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 42 U.S.C. § 2000e–5(f) provides: Enforcement provisions—Power of Commission to prevent unlawful employment practices.

(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. . . .

3. 28 U.S.C. § 1343 provides: Civil rights and elective franchise

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

come open during the past several years in District 2, all of which were denied him and thereafter filled with less experienced and qualified white individuals. The matter is now before the court on various motions to dismiss and/or strike by various defendants. The court will address the motions directed to the Title VII claims and the § 1983 claims separately.

## TITLE VII CLAIMS

The first ground for dismissal urged by all defendants is that in disputes such as the present one where a governmental agency is involved, and where conciliation attempts by the Equal Employment Opportunity Commission (EEOC) have failed, the case is mandatorily referred to the Attorney General of the United States who has the option of bringing a civil suit against the alleged violator-employer, and who must, if he chooses not to bring a civil action, notify the aggrieved party of his right to sue the alleged violator within ninety (90) days of receipt of notice. Paragraph # 12 of plaintiff's complaint alleges that plaintiff's right to sue letter was issued by the EEOC and not the Attorney General in accordance with the statute. See 42 U.S.C. § 2000e–5(f), *supra.*

■ In response to defendants' contention, plaintiff represents that the right to sue letter was in fact issued by the Attorney General and that the allegation in Paragraph # 12 is a pleading error. Plaintiff requests the court's permission to amend the complaint to cure the defect. Such court action is unnecessary. Since a motion to dismiss is not a responsive pleading under the Federal Rules of Civil Procedure, plaintiff has the right to amend his complaint as of course. *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir. 1971); Fed.R. Civ.P. 15(a).

Defendants' motion to dismiss on the above basis is therefore denied.

The second ground for dismissal of the Title VII claims concerns defendants Corley, the Board of Trustees of Richland County School District 2, and the Members of the Board individually. The basis of defendants' motions is that they were unnamed in the original charge filed by plaintiff with the EEOC, a jurisdictional prerequisite to a civil suit against them.

■ Defendant Corley maintains that the charge filed with the EEOC charged him as Superintendent of District 2 and not personally, and as such the personal claim against him should be dismissed. The argument is without merit. In a Title VII action the determination to be made is whether or not the person complained of is an "employer" within the meaning of the statute. Section 2000e(b) defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks . . . *and any agent of such a person.*" (Emphasis added.) Section 2000e(a), as amended, includes government, governmental agencies, and political subdivisions as persons for Title VII purposes. As such, if the School District is an employer under the Act, (and this is not disputed) Corley, if he is an agent of the District, is also an employer and can be held accountable for its violation. As one court has written:

> Whether such consideration took place as a private person or as an officer is of no import here. Title VII actions do not contain "under color of state law" problems associated with Section 1983 actions. If the person against whom the complaint is filed is within the definition of "employer," his "capacity" during the alleged discriminatory events is irrelevant, so long as the alleged discrimination relates to employment. . . . *Hanshaw v. Delaware Technical & Community College,* 405 F.Supp. 292 (D.Del.1975), at p. 296 n. 10.

As such the motion to dismiss the Title VII claim against Corley is denied.

The problem created by failure to charge the Board of Trustees of District 2 and its

individual members is not as easily reconcilable.

It has been generally held that a person not named in the charge lodged with the EEOC cannot be sued in a civil action based on the activity alleged in the charge. *Mickel v. South Carolina State Employment Service,* 377 F.2d 239 (4th Cir. 1967). The requirement is said to be jurisdictional in nature, *Id.,* the reason being, the charge serves to notify the person charged with the alleged violation and brings him before the EEOC, making possible effectuation of the Act's primary goal, securing voluntary compliance with the Act. *Bowe v. Colgate-Palmolive Company,* 416 F.2d 711 (7th Cir. 1969). To by-pass the requirement would therefore directly contradict the purpose of the Act.

With the two-fold purposes of the EEOC charge filing in mind, the courts have recognized certain exceptions to the rule that parties not named in the EEOC charge are not amenable to the suit in a civil action. As stated in *Curran v. Portland Super. Sch. Committee, Etc.,* 435 F.Supp. 1063 (D.Me. 1977):

This rule is less than absolute, however, and several exceptions have been recognized as sufficient to confer jurisdiction over defendants in a civil action who were not named in the EEOC charges. These exceptions are: (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action; (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an "indispensable party" under Fed.R.Civ.P. 19 in order to accord complete relief to the parties. (Citations omitted). 435 F.Supp. at 1074.

Plaintiff asserts that the facts in the instant case fit within the first and third exceptions, substantial identity of parties and indispensible party.

The cases which have applied these exceptions have done so only where the purpose of the EEOC filings, notice to the alleged violator and opportunity for voluntary compliance through conciliation efforts, have been effectuated with respect to the unnamed defendants. In *Stevenson v. International Paper Co.,* 432 F.Supp. 390 (W.D.La.1977) the court commenting on the problem confronting this court noted:

Clearly, the primary purpose of the administrative procedure is to obtain voluntary compliance within an overall policy to secure equal employment opportunities. If a Court cannot pursue the overall policy of equal employment without the joinder of a party not a respondent in the E.E.O.C. charge, or when strict construction of the § 706 procedure would prevent effective enforcement of the Act, the Court should excuse technical noncompliance and exercise jurisdiction over the faulty claim, especially when the complainant prepared the E.E.O.C. charge without the assistance of counsel. *Moreover, if a party has a close legal relationship with a named respondent and has actual notice of the E.E.O.C. charge, to the extent that he could have participated in conciliation efforts, he should not be heard to cry "foul" when later made a defendant in the suit. . . .* (Emphasis added.) 432 F.Supp. 397–8.

In *Chastang v. Flynn and Emrich Company,* 365 F.Supp. 957 (D.N.Y.1973), the court permitted members of a Profit Sharing Trust Committee not named in the EEOC charge to be included as defendants in the civil action on substantial-identity-of-parties grounds. In denying the individual members' motion for directed verdict, the court, after reserving ruling on the same until the end of the full trial on the merits, reasoned that the members of the Trust Committee were the persons charged with responsibility of administering the discriminatory retirement plan and were required to consent to any amendment to the plan which would render it non-discriminatory. The court implicitly ruled that since the charge requirement effectuated the Act's purpose of providing an opportunity for the

EEOC and parties charged to effectuate voluntary compliance, and since the members of the Trust Committee administered and had the power to effectuate a change in the Plan, any attempt at conciliation made by the EEOC would have focused in whole or in part on the individual, member defendants. Thus, the court concluded the purpose of the Act had been accomplished. At page 964 the court stated:

> In a situation such as this where there is a substantial, if not complete, identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of 42 U.S.C. § 2000e–5 to hold that this court lacks jurisdiction over the members of the Trust Committee because they were not before the Commission in their capacity as such. (Citations omitted.) This would not comport with the judicial policy of liberally construing Title VII. (Citation omitted.) The situation presented here involving a substantial identity between parties is distinguishable, in this court's view, from the line of cases, such as *Mickel,* where an agency relationship is sought to be established by plaintiff, where none exists, as a basis for jurisdiction under 42 U.S.C. § 2000e–5.

The case of *Skyers v. Port Authority of N.Y. & N.J.,* 431 F.Supp. 79 (S.D.N.Y.1976) turned on reasoning very similar to *Chastang.* There a former employee alleged racial discrimination against the Port Authority and a supervisory employee in the EEOC charge. In the civil action he added as parties defendant the Commissioners of the Port Authority. The Commissioners raised the subject matter jurisdiction issue. The court determined that naming the Commissioners in the charge was not a jurisdictional prerequisite reasoning that the legislation creating the Port Authority required it to consist of twelve commissioners, who among other things, had responsibility for managing the Port Authority and controlling employment decisions, ruling

> Notification to the Port Authority of a claim of discrimination is, therefore, noti-

fication to the Commissioners; the Commissioners are, in a real sense, the Port Authority itself. As plaintiff correctly points out, the outcome of the cases cited by defendants in support of their position apparently turned on the insufficient connection between the plaintiff and defendants sought to be held; that is, notice of the violation to those defendants unnamed in the EEOC charge was lacking . . . 431 F.Supp. at 81.

Plaintiff's position is that the relationship between District 2, the Board of Trustees and its individual members is such that notice to the District is notice to the Board and its members and that opportunity to effectuate voluntary compliance by the EEOC would necessarily involve contact with the Board and its members. As such, plaintiff continues, the predominant purpose of the statute is accomplished and subject matter jurisdiction attaches over the defendants.

A sketch of the administrative hierarchy of the county school systems in this state is helpful to disposition of the motion.

In each county there is constituted a county board of education, which possesses rule making powers and acts as an advisory body to the county superintendent of education. Section 59–15–10 and 59–15–20, Code of Laws of South Carolina, 1976. Within respective counties, school districts, bodies politic and corporate, are established. Section 59–17–10, Code of Laws of South Carolina, 1976. Management and control of the school districts is the responsibility of the board of trustees for the district, subject to the supervision and orders of the county board of education. Section 59–19–10, Code of Laws of South Carolina, 1976. Section 59–19–90, Code of Laws of South Carolina, 1976, which establishes general powers and duties of school trustees reads in part as follows,

The board of trustees shall also:

(2) *Employ and discharge teachers.* Employ teachers[4] from those having cer-

---

4. "Teacher" means any person who is employed . . . by any school district either to teach or to *supervise teaching.* § 59–1–130, Code of Laws of South Carolina, 1976.

tificates from the State Board of Education, fix their salaries and discharge them when good and sufficient reasons for so doing present themselves, subject to the supervision of the county board of education; . . .

The power of the local board of trustees to select and employ teachers of its district is said to be absolute, subject only to the confirmation or rejection by the county board of education, and the county board's only power is to confirm or reject the trustees' decision, the initial power to select or not being vested exclusively in the local board of trustees. *In Re School Dist. No. 4, Charleston County,* 153 S.C. 222, 150 S.E. 776 (1929).

■ Since under statute, the District can act only through the local board of trustees in its initial hiring decision, notice to the District via the EEOC charge constituted notice of should have constituted notice to the Board of Trustees and its members, and provided the EEOC an opportunity to conciliate with the same. As such defendant's motion to dismiss on grounds of subject matter jurisdiction is denied, the purposes of Title VII having been accomplished.

The third and fourth grounds for dismissal concern Paragraphs Nos. 8, 9 and 11 of the complaint. The events in Paragraphs Nos. 8 and 9 were admittedly not included in the EEOC charge and the alleged discriminatory event contained in Paragraph No. 11 admittedly occurred after the charge was filed. Plaintiff concedes that the events cannot support a basis for relief under Title VII due to their not being included in the charge; and this court so holds.

■ Alternatively defendants urge the court to strike the factual allegations contained in Paragraphs Nos. 8, 9 and 11 as immaterial to the action, since they can provide *no basis for relief.* Plaintiff urges the court to allow the paragraphs as factual allegations indicative of a pattern of dis-

crimination bearing on the acts which are asserted as a basis of recovery. In support of his position plaintiff cites *Moore's Federal Practice* as follows:

Motions to strike alleging redundant, immaterial, impertinent or scandalous matter are not favored. The matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether any contingency of the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be striken if their presence in the pleading cannot prejudice the adverse party. 2A *Moore's Federal Practice,* 2429–31 . . . and where certain evidential facts when read with the complaint as a whole, give a full understanding thereof, they need not be stricken . . . *Id.* at 2433–4.

Plaintiff's position is well taken. Defendant's motion to dismiss and/or strike Paragraphs Nos. 8, 9 and 11 is therefore denied.

### SECTION 1983 CLAIMS

Defendant, Richland School District 2, moves to dismiss the 42 U.S.C. § 1983 claim lodged against it on the ground that it is not a "person" for purposes of § 1983. The other defendants move for dismissal on the basis that, they, in their official capacities, are not "persons" for purposes of § 1983.

Since submission of the motion to dismiss by defendants, the Supreme Court has handed down its decision in *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which it overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)[5], insofar as *Monroe* exempted local governing bodies from responsibility under § 1983. In addition, *Monell* explicitly held that local government officials sued in their official capacities are "persons" under § 1983. *Monell, supra* n. 55.

---

**5.** In no disrespect to the Supreme Court and its awesome power, so often abused, this court respectfully disagrees with *Monell,* and the reasoning employed therein. Because this court is a court of *stare decisis,* the court must follow *Monell,* reluctantly.

As such defendants' motion to dismiss the § 1983 claims is denied.

In summary, defendants' motions to dismiss and/or strike the Title VII and § 1983 claims in plaintiff's complaint are denied.

AND IT IS SO ORDERED.