**Charles J. BARKLEY, Plaintiff,**

v.

**Guy CARRAUX, William Smith, and Brown & Root, Inc., Defendants.**

Civ. A. No. H–81–2482.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 10, 1982.

Charles J. Barkley, pro se.

W. Carl Jordon, Vinson & Elkins, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

Plaintiff, a pro-se complainant, brings this action against defendant Brown & Root, his former employer, and defendants Guy Carraux and William Smith, department managers at Brown & Root, alleging that defendants discriminated against plaintiff on the basis of his age. Plaintiff's complaint alleges a cause of action under 42 U.S.C. §§ 1981, 1982, and 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* This case is now before the Court on defendant's motion for partial dismissal. The Court has considered defendant's motion and for the reasons set out below, is of the opinion that defendants' motion should be granted with respect to plaintiff's claims under 42 U.S.C. §§ 1981, 1982, and 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and denied with respect to plaintiff's claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1982, and 1983. Section 1981 applies to *racial* discrimination, not discrimination on the basis of age. *Runyon v. McCrary*, 427 U.S. 160, 169–175, 96 S.Ct. 2586, 2594–96, 49 L.Ed.2d 1015 (1976). Plaintiff in this case does not contend that he was discriminated on the basis of his race, and thus has failed to state a claim under section 1981. Likewise, section 1982 applies only to racial discrimination, *Jones v. Mayer Co.*, 392 U.S. 409, 412–414, 88 S.Ct.

2186, 2188–89, 20 L.Ed.2d 1189 (1968), and plaintiff has therefore failed to state a claim under this section. Finally, plaintiff has not alleged a deprivation of a right secured by the constitution or federal law by a person acting under the color of state law as is required by section 1983, *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), and thus has failed to state a claim upon which relief can be granted under this section.

■ As previously stated, plaintiff also alleges a cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* These provisions, by their own terms, apply only to employment discrimination on the basis of an employee's "race, color, religion, sex, or national origin." Because plaintiff has not alleged employment discrimination on the basis of any of these categories, his complaint fails to state a claim under these provisions.

Finally, plaintiff alleges a cause of action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* Defendants, in their motion for partial dismissal, do not contend that plaintiff has failed to state a claim with respect to defendant Brown & Root. Rather, defendants contend that plaintiff's claim against the individual defendants must be dismissed because 1) plaintiff failed to name the individual defendants as respondents in his age discrimination charge filed with the Equal Employment Opportunity Commission and thus cannot now sue the individual defendants, and 2) the individual defendants are not "employers" within the meaning of the Age Discrimination in Employment Act.

■ Under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, an employee is required to file a charge of employment discrimination with the Equal Employment Opportunity Commission prior to filing a private action. Section 626(d) of the Act provides:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty-days notice of an intent to file such action.... Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein a prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

The purpose of the notice requirement is to provide an opportunity for the Secretary of Labor to attempt a conciliation with the respondents named in the charge. *Quinn v. Bowmar Publishing Company*, 445 F.Supp. 780, 784–85 (D.Md.1978). Notice is sufficient if made to an agent of defendant or one who has substantial identity with the party named in the charge filed with the EEOC—that is, "to the persons with whom the Secretary would negotiate, or persons who would or should know of the named defendant's conduct." *Id.* at 784 (citations omitted). Thus, it is not a steadfast rule that prospective defendants themselves be expressly named in the charge filed with the Commission. *See also Sartin v. City of Columbus Utilities Commission*, 421 F.Supp. 393, 400–401 (N.D.Miss.1976), *aff'd*, 573 F.2d 84 (1978). Rather, it is sufficient that the defendants in the private action had notice of the filing of the charge and had an opportunity to meet with the Commission representatives in any conciliatory conferences.

■ In the present case, the charge filed by plaintiff with the Commission has not been made part of the record and there is nothing else in the record as compiled at this time that could establish whether the individual defendants in this case were put on notice of the Commission investigation. Thus, defendants motion to dismiss on the grounds that they were not specifically named in the charge filed with the EEOC is denied without prejudice to their right to file the appropriate motion after an adequate record has been made.[1]

---

1. *See Lewis v. Southeastern Pennsylvania Transportation Authority*, 440 F.Supp. 887, 893 (D.C.Penn.1977). In *Lewis*, the court reached a similar result with respect to the notice provi-

Defendant's second contention under the ADEA is that defendants Carraux and Smith cannot be sued individually because they are not "employers", as this term is used in the Act. The definition of "employer" is:

A person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calender weeks in the current or preceding calendar year.... The term also means (1) *any agent of such a person* ...

29 U.S.C. § 630(b) (emphasis added). Thus, by the terms of the Act itself, if Brown & Root is an employer and defendants Carraux and Smith are its agents, then the individual defendants will be treated as employers for the purpose of the ADEA.

The issue of what constitutes an "agent" has arisen in cases involving a similar provision in Title VII, 42 U.S.C. § 2000e(b)[2] *See, e.g., Goodman v. Board of Trustees of Community College District 524,* 498 F.Supp. 1329, (N.D.Ill.1980) (involves both Title VII and ADEA provisions); *Kelly v. Richland School District 2,* 463 F.Supp. 216, 218 (D.S.C.1978); *Schaefer v. Tannian,* 394 F.Supp. 1128, 1132 (E.D.Mich.1974). In *Goodman,* the court denied the individual defendant's motion to dismiss because the individual defendant, who was president of a college, may have been found to be an agent of the college's Board of Trustees because, although there was no formal master-servant relationship, the president did make hiring recommendations within his administration. *Goodman v. Board of Trustees of Community College District 524,* 498 F.Supp. at 1332. Likewise, in the present case, the individual defendants may be found to be agents of the corporate defendant, Brown & Root, as both are department managers of that corporation. The motion of the individuals to dismiss on the basis

that they are not "employers" under the ADEA is therefore denied.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's motion to be dismiss be, and the same hereby is, GRANTED with respect to plaintiff's claims under 42 U.S.C. §§ 1981, 1982, and 1983, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and DENIED with respect to plaintiff's claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

---

sions of Title VII. It has long been recognized that the procedural interpretations of Title VII may be used to interpret provisions of the ADEA since the two statutes are almost identical in language and similar in purpose. *Quinn v. Bowmar Publishing Company,* 445 F.Supp. 780, 784 (D.Md.1978). *See also Kelly v. Rich-* land *School District 2,* 463 F.Supp. 216, 218 (D.S.C.1978); *McDonald v. American Federation of Musicians,* 308 F.Supp. 664, 669 (N.D.Ill. 1970).

2. *See* note 1, *supra.*