**Patrick J. MOCHELLE**

v.

**J. WALTER INC., et al.**

**Civ. A. No. 92–768–B.**

United States District Court,
M.D. Louisiana.

May 24, 1993.

Janice M. Church, Bell, Cooper & Hyman, Baton Rouge, LA, for plaintiff.

Stephen Paul Beiser, David Israel, David C. Ankeny, McGlinchey, Mintz, Cellini & Lang, New Orleans, LA, for defendant.

## RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motions for summary judgment. The Court finds that the motions should be granted.

J. Walter Company Ltd. ("Walter Ltd.") is a Canadian corporation with its principal place of business in Quebec, Canada. Walter Ltd. is involved in the engineering, importation, distribution and sale of industrial products. Manfred Thiede was employed by Walter Ltd. In April of 1989, Thiede hired Patrick Mochelle as the district representative for Walter Ltd. in the United States. After hiring Mochelle, Thiede explained to him the relevant terms of employment, such as base salary, commission rates, and reimbursement policies of Walter Ltd. Mochelle continued to work for Walter Ltd. until November, 1990.

In November, 1990, Walter Ltd. formed J. Walter Inc. ("Walter Inc.") as an independent corporation responsible for the sale of Walter products in the United States. Walter Inc. is a Delaware corporation with its principal place of business in Hartford, Connecticut.[1] On November 1, 1990, Thiede was hired as the president of Walter Inc. and Mochelle was hired as a salesman for Walter Inc. and continued to sell Walter products in the United States.

In August, 1991, Mochelle informed Thiede of his intention to run for Clerk of Court of East Baton Rouge Parish. Mochelle lost the election for Clerk of Court in the October, 1991, election.

On January 14, 1992, Thiede fired Mochelle from Walter Inc. for failing to perform his job duties and for failing to communicate with his supervisor, Thiede, despite repeated warnings. Mochelle filed a charge of age discrimination against Walter Inc. with the Equal Employment Opportunity Commission ("EEOC") in July of 1992. In August, 1992, Mochelle sued Walter Inc., alleging that he was fired because he ran for political office. Mochelle also alleged fraud and breach of contract in his initial suit against Walter, Inc. In September, 1992, plaintiff amended his complaint to name Walter Ltd. as a defendant. Although Walter Ltd. was named as a defendant in the federal suit, it was not named in the charge filed with the EEOC. Both Walter Inc. and Walter Ltd. have filed motions to dismiss. Alternatively, defen-

---

1. The stock of both Walter Inc. and Walter Ltd. is owned by 159585 Canada, Inc., a Canadian holding company.

dants moved for a more definite statement as to the fraud and breach of contract claims.

Because the parties attached documents which this Court was required to consider in resolving the motions to dismiss, the Court converted the motions to dismiss to motions for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In January, 1993, plaintiff filed "supplemental allegations" to his second amended complaint[2] to add a claim for age discrimination against both Walter Ltd. and Walter Inc.

### I. Plaintiff's Political Interference Claim

Plaintiff claims that he was fired from his employment at "Walter"[3] because of his political aspirations and desire to run for political office. Plaintiff relies on La.R.S. 23:961, which provides, in part:

> Except as otherwise provided in R.S. 23:962, no employer having regularly in his employ *twenty or more employees* shall make, adopt, or enforce any rule, regulation, or policy forbidding or preventing any of his employees from engaging or participating in politics, or from becoming a candidate for public office. (emphasis added).

Mochelle informed his employer in August, 1991, of his intention to run for Clerk of Court. The election was held on October 19 of the same year. Mochelle was fired in January, 1992.

Walter Ltd. contends that it cannot be liable under La.R.S. 23:961 because it was not the employer of Mochelle during the period of the alleged political interference. Walter Inc. admits that it was the employer of Mochelle at the time of the alleged political interference, but contends that it cannot be liable under 23:961 because it does not

have the requisite 20 employees mandated by the statute.

In response to defendants' arguments, plaintiff contends that both Walter Ltd. and Walter Inc. may be liable under 23:961 because the two entities are deemed to be the single or joint employer of Mochelle.

The Fifth Circuit addressed the "single employer" doctrine in *Trevino v. Celanese Corp.*[4] In that case, the court set forth the following factors to be used in determining whether superficially distinct entities actually represent a single integrated enterprise: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.[5] Courts which have applied this four-part standard have focused on the second factor—centralized control of labor relations. Specifically, the courts have stated that "the critical question to be answered is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?"[6] While the second factor is critical to the Court's analysis, the Court will discuss each of the *Trevino* factors.

The first factor of the *Trevino* test is interrelation of operations. The Court finds that there exists little or no interrelation of operations between Walter Inc. and Walter Ltd. Each corporation has its own employees, pays its own taxes, and maintains separate accounting records, bank accounts, and lines of credit. Furthermore, the corporations have separate offices and telephone numbers, use different forms and letterheads, and distribute different sales catalogs. Employees of Walter Ltd. and Walter Inc. do communicate frequently with each other by telephone. Plaintiff contends that these frequent communications demonstrate the interrelated operations of the two companies.

---

**2.** During the course of this proceeding, plaintiff amended his complaint four times. Plaintiff filed an original petition, an amended petition, a second amended petition, supplemental allegations to the second amended petition, and, finally, a third amended petition.

**3.** Exactly which "Walter" employed Mochelle at the time of the alleged violations is at issue in this suit.

**4.** 701 F.2d 397 (5th Cir.1983). The Fifth Circuit also used the "Trevino" factors in *Chaiffetz v. Robertson Research Holding, Ltd.*, 798 F.2d 731 (5th Cir.1986).

**5.** *Trevino,* 701 F.2d at 404.

**6.** *Id.*

However, plaintiff ignores the fact that Walter Inc. is in the business of selling Walter Ltd. products in the United States. Therefore, it would not be unreasonable or unexpected that Walter Inc. kept in close contact with Walter Ltd. in order to keep its product lines up to date and to process orders rapidly.

The second, and most important, factor of the *Trevino* test is centralized control of labor relations. As stated, this Court must determine which entity made the final decision regarding Mochelle's termination. The Court finds that Thiede, the president of Walter Inc., fired Mochelle. In fact, Mochelle has introduced no evidence to show that anyone at Walter Ltd. played a part in his termination. It is also clear that Walter Ltd. was neither consulted nor had control over the hiring and firing of Walter Inc. employees. Furthermore, Walter Ltd. has no involvement in the promulgation of rules or conditions of employment at Walter Inc. For example, the record reveals that the conditions of work such as holidays, benefits, insurance coverage, work hours, and personnel policies vary significantly from Walter Ltd. to Walter Inc.

The third *Trevino* factor is common management. Two members of the Walter Ltd. board of directors, Walter J. Somers and Pierre Somers, are on the board of Walter Inc. In addition, Walter J. Somers and Pierre Somers are the secretary and vice-president, respectively, of Walter Inc. However, the Somers, who are also on the board of the Canadian holding company, have no recognizable management duties whatsoever. Neither Walter J. Somers nor Pierre Somers has ever taken any role in the operation of Walter Inc. other than to attend annual board meetings in 1991 and 1992. Each meeting lasted approximately one hour. Walter Somers has never visited Walter Inc.'s offices. Pierre Somers' visits to Walter Inc. are limited to discussions of products and marketing, and do not pertain to the operations of Walter Inc. Thiede has never attended a board meeting of Walter Ltd. and

is in no way affiliated with the management of Walter Ltd.

The final *Trevino* factor is common ownership or financial control. The holding company, 159585 Canada, Inc., owns both Walter Inc. and Walter Ltd. However, Walter Ltd. owns no part of Walter Inc., and exerts no financial control over Walter Inc.

After careful review of the *Trevino* factors, the Court finds that Walter Ltd. and Walter Inc. are not the single employer of Mochelle.

Plaintiff refers the Court to several cases such as *Chaiffetz* and *McKenzie v. Davenport-Harris Funeral Home*,[7] to support his contention that summary judgment is improper in a "single employer" case. Plaintiff misconstrues the holdings of these cases. In *Chaiffetz*, the Fifth Circuit reversed the trial court's grant of a motion to dismiss based on the fact that the trial court gave no indication that it considered the *Trevino* factors.[8] In *McKenzie*, the Eleventh Circuit reversed the district court's grant of summary judgment and found that a genuine issue of material fact existed concerning the single employer issue. However, in *McKenzie*, plaintiff introduced a significant amount of evidence which showed the centralized control of labor relations.[9] Furthermore, the appellate court found that issues of the parties' credibility precluded summary judgment.

The present case is clearly distinguishable from both *Chaiffetz* and *McKenzie*. This Court has carefully considered the *Trevino* factors with the facts in this case. Therefore, *Chaiffetz* does not control. Additionally, Mochelle has simply not introduced as much probative evidence as the plaintiff in *McKenzie* to create a material issue of fact in dispute.

 Plaintiff also contends that the joint employer doctrine is applicable to the facts of this case. To support this contention plaintiff relies on *NLRB v. Greyhound Corp.*[10]

---

**7.** 834 F.2d 930 (11th Cir.1987).

**8.** *Chaiffetz*, 798 F.2d at 735.

**9.** *McKenzie*, 834 F.2d at 933–34.

**10.** 368 F.2d 778 (5th Cir.1966).

and *Ref–Chem Co. v. NLRB*,[11] both of which are Fifth Circuit cases decided in 1966 and 1969, respectively. However, neither the plaintiff nor the defendants cite *Texas World Service Co., Inc. v. NLRB*[12], a 1991 case from the Fifth Circuit which addresses the joint employer doctrine. In *Texas World Service*, the court stated, as it did in its earlier cases, that whether a joint employer relationship exists is essentially a factual issue.[13] The existence of such a relationship depends on the control which one employer exercises, or potentially exercises, over the labor relations policy of the other.[14] The Fifth Circuit further held that joint employers share or co-determine those matters governing essential terms and conditions of employment.[15]

The joint employer determination is similar to the second factor of the *Trevino* test. Therefore, plaintiff's arguments in support of the joint employer doctrine must fail for the same reasons the Court set forth in discussing the second *Trevino* factor. Plaintiff can show that the two companies maintained frequent contact. However, plaintiff cannot demonstrate that Walter Ltd. influenced Thiede's decision to fire Mochelle. Therefore, plaintiff has failed to show that Walter Ltd. had control over the labor relations of Walter Inc.

Plaintiff also contends that Pierre Somers and Walter J. Somers, as vice-president and secretary of Walter Inc., should be considered as employees of Walter Inc. The addition of these two men as employees would place Walter Inc. at the twenty employee level and, therefore, within the purview of La.R.S. 23:961.

The Court finds the facts fail to support plaintiff's contention. Neither Walter J. Somers nor Pierre Somers is on the Walter Inc. payroll. Furthermore, Walter J. Somers has never visited the Walter Inc. offices, and Pierre Somers' visits are limited to discussions of products and marketing. Thus, the Court finds as a matter of fact and law that the total number of persons employed by Walter Inc. is less than 20.

In summary, the Court finds that Walter Ltd. was not the employer of Mochelle at the time of the alleged political interference. After November 1, 1990, Mochelle was employed by Walter Inc. Mochelle did not inform his employer of his decision to run for Clerk of Court until August, 1991. Walter Ltd.'s motion for summary judgment as to the plaintiff's political interference claim should be granted.

Furthermore, Walter Inc. cannot be liable under La.R.S. 23:961 because Walter Inc. does not have the requisite 20 employees. The single employer and joint employer doctrines are not applicable under the facts of this case. Therefore, Walter Inc.'s motion for summary judgment as to the plaintiff's political interference claim is also granted.

## II. Plaintiff's ADEA Claim

Plaintiff filed an EEOC charge on July 8, 1992, alleging Walter discriminated against him because of his age when it fired him on January 31, 1992. The period of the discrimination as set forth in the charge filed with the EEOC is from January 14 to January 31, 1992. The EEOC charge only names Walter Inc. Walter Ltd. is not included in the EEOC charge. After the plaintiff amended his complaint to add the ADEA claim, the EEOC found that it had no jurisdiction to hear the plaintiff's ADEA complaint because Walter Inc. did not have the requisite 20 employees required by 29 U.S.C. § 630(b).[16]

Defendants' arguments in defense of the ADEA claim are similar to those asserted in response to plaintiff's political interference claim. Walter Ltd. claims that it was not the

---

11. 418 F.2d 127 (5th Cir.1969).

12. 928 F.2d 1426 (5th Cir.1991).

13. *Texas World Service*, 928 F.2d at 1432.

14. *Id.*

15. *Id.*

16. 29 U.S.C. § 630(b) defines an employer as:

 a person engaged in an industry affecting commerce who has *twenty or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) *any agent of such a person....*" (emphasis added).

employer of Mochelle during the period of the alleged discrimination. Walter Inc. claims that it does not have the requisite 20 employees for ADEA liability.

In response to defendants arguments, plaintiff re-urges the single and joint employer contention he previously made in this case to overcome the 20 employee requirement set forth in § 630(b). Plaintiff also re-urges his argument that Walter J. Somers and Pierre Somers are employees of Walter Inc.[17] These arguments have previously been considered and rejected by the Court.

■ Plaintiff further contends that, under § 630(b), Walter Ltd. and Walter Inc., as Ltd.'s agent, are employers of Mochelle for purposes of the ADEA. Plaintiff supports this contention by introducing as evidence Walter Inc.'s corporate certification and the deposition of Thiede. Section 630(b) defines an ADEA employer as an employer with 20 employees or any agent of such an employer. Plaintiff states that because Walter Inc. is the agent of Walter Ltd., an employer of over 20 persons, Walter Inc. is an ADEA employer pursuant to § 630(b).[18]

Plaintiff's agency argument is deficient for several reasons. Although some federal district courts have held that an agency relationship may exist between a parent corporation and its subsidiary for the purposes of ADEA liability,[19] the Fifth Circuit has not

yet endorsed such a theory.[20] Instead, the Fifth Circuit has relied on the single and joint employer doctrines to determine whether two superficially distinct entities may be viewed as a single integrated enterprise.[21] Additionally, the Fifth Circuit has found that an economic realities/common law control test may be used to determine the existence of an employment relationship.[22] The Court finds that the doctrines set forth by the Fifth Circuit should be followed by this Court to determine whether Walter Ltd. and Walter Inc. should be viewed as a single enterprise for the purposes of ADEA liability. The Court also concludes that the agency language of § 630(b) more appropriately encompasses individual agents of corporate employers, not parent-subsidiary relations. For example, a former employee may utilize § 630(b) to sue the supervisor who fired him as well as the company itself. Not only is this is a logical construction of § 630(b), but is also the construction given to the statute in most of the cases which have considered it.[23]

■ Even if this Court adopted the plaintiff's interpretation of 630(b), the plaintiff's agency argument is unsupported by the facts of this case. Plaintiff relies on the certificate of incorporation of Walter Inc. to support his contention that Walter Inc. is the agent of Walter Ltd. The certificate provides, in pertinent part:

---

17. This argument is even less persuasive in the ADEA context. The Seventh Circuit has held that unpaid, inactive officers should not be counted to determine whether an employer employs a sufficient number of employees to invoke coverage of the ADEA. *Zimmerman v. North American Signal Co.*, 704 F.2d 347 (7th Cir. 1983). See also *Chavero v. Local 241, Division of the Amalgamated Transit Union*, 787 F.2d 1154, 1156 (7th Cir.1986) where the court stated that members of a corporation's board of directors should not be counted even though compensated for attending directors' meetings.

18. To support this contention, plaintiff relies on *Barkley v. Carraux*, 533 F.Supp. 242 (S.D.Tx. 1982) which held that an individual agent was deemed to be the agent of the employer.

19. See *Linskey v. Heidelberg E., Inc.*, 470 F.Supp. 1181, 1184 (E.D.N.Y.1979); *Seider v. Canada Dry Corp.*, 18 FEP 1786, 1787–88, 1978 WL 58 (S.D.N.Y.1978); *Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911, 916 (N.D.Ga.1973).

20. Although both Walter Ltd. and Walter Inc. are owned by the same holding company, a parent-subsidiary relationship does not exist between the two corporations. Therefore, cases holding that an agency relation may exist between a parent and its subsidiary are distinguishable from the present case.

21. *Trevino*, 701 F.2d at 404; *Chaiffetz*, 798 F.2d at 735; *Texas World Service*, 928 F.2d at 1432.

22. *Fields v. Hallsville Independent School District*, 906 F.2d 1017, 1019 (5th Cir.1990). The economic realities/common law control theory was not argued by the plaintiff. Therefore, the Court did not address this issue.

23. *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990); *Hamilton v. Rodgers*, 791 F.2d 439, 442 (5th Cir.1986); *Price v. Marshall Erdman and Associates, Inc.*, 966 F.2d 320, 324 (7th Cir. 1992).

3. The nature of the business or purposes to be conducted or promoted by the corporation is (a) to act as an agent for J. Walter Company Ltd. for sales and distribution of industrial abrasives and tooling. . . .

Plaintiff contends that this certificate demonstrates that Walter Inc. is an agent for Walter Ltd. and, therefore, an employer for the purposes of the ADEA.

It is conceded that Walter Inc. obtains its revenue solely on commissions received from Walter Ltd. for the sale and distribution of Walter Ltd. products. However, this manufacturer-seller relation is insufficient to establish Walter Inc. as Walter Ltd.'s agent for the purposes of § 630(b). Walter Ltd. exercises no control over the operations of Walter Inc. All decisions concerning its operations, including the decision to terminate Mochelle, were made by the president of Walter Inc., Manfred Thiede.

A contrary holding could yield inconsistent results. Under the plaintiff's interpretation of § 630(b), an employee at a convenience store which employs fewer than 20 persons might maintain an action under the ADEA by claiming that the convenience store is the agent for any manufacturer that provides products for the store to sell to its customers. Such an expansive interpretation of § 630(b) cannot be what Congress intended. Furthermore, plaintiff's argument gives an overly broad meaning to the language of Walter Inc.'s certificate of incorporation.

■ Finally, even if this Court accepted plaintiff's agency argument and found that the evidence supported a determination of agency, Walter Ltd. would be exempt from

ADEA liability under 29 U.S.C. § 623(h)(2) which provides:

> (2) The prohibitions of this section shall not apply where the employer is a foreign person not controlled by an American employer.

Plaintiff has continually argued, in briefs and at oral argument, that Walter Ltd. should be deemed the employer of Mochelle because it exercised control over the employment decisions of Walter Inc. However, Walter Ltd. is a foreign person[24] not controlled by an American employer. Walter Ltd. is specifically excluded from ADEA liability by the express language of § 623(h)(2).

In summary, the Court finds that the defendants' motions for summary judgment as to the ADEA claim should be granted for the following reasons: (1) Walter Ltd. was not the employer of Mochelle during the period of the alleged discrimination; (2) Walter Inc. does not employ 20 employees and is, therefore, precluded from ADEA liability. No single employer, joint employer or agency theories are applicable to the facts of this case.[25] Walter Ltd. as a foreign company not controlled by an American employer is specifically excluded from ADEA liability under § 623(h)(2).

### III. Plaintiff's Fraud Claim

Mochelle contends that at the time of his hiring he was promised a base salary of $32,000 and a 3% commission on all products sold. He further contends that Thiede, acting for one or both of the Walter entities, promised him management opportunities in a growing and profitable company. Finally, Mochelle contends that Thiede altered these previously agreed terms.[26]

---

24. 29 U.S.C. § 630(a) provides:
 The term "person" means one or more individuals, partnerships, associations, labor organizations, *corporations*, business trusts, legal representatives, or any organized groups of persons. (emphasis added).

25. The Court recognizes that Walter Ltd. was not named in the EEOC charge. However, the Court finds that summary judgment should be granted because of the reasons set forth in this opinion. The Court specifically declines to address the failure of the plaintiff to name Walter Ltd. in the EEOC charge.

26. Due to the numerous amendments to the plaintiff's complaint and the number of supplemental briefs filed by the parties, the Court directed the parties to prepare one summary memorandum briefing all of the relevant issues in this case. The plaintiff did not include claims for fraud or breach of contract in this summary memorandum to the Court. However, at oral argument, plaintiff informed the Court of his intention to proceed with these claims.

**1310**

■ Initially, the Court finds that only Walter Ltd. may be liable to Mochelle on this fraud claim. It is uncontested that Mochelle was originally hired in April, 1989, as a Walter Ltd. employee. Walter Inc. was not formed until November, 1990. At the time of the alleged misrepresentations, Thiede was an employee of Walter Ltd. No theory of vicarious liability is applicable to find Walter Inc. liable for the actions of Thiede in the course of his employment with Walter Ltd. Therefore, Walter Inc.'s motion for summary judgment as to the fraud claim should be granted.

■ Furthermore, plaintiff's fraud claim as to Walter Ltd. is deficient in several aspects. Primarily, plaintiff's allegations are vague, despite several amendments to the complaint.[27] Second, there are inconsistencies between the allegations of the plaintiff's complaint and subsequent deposition statements made by plaintiff.[28] Third, even if the plaintiff's allegations are true and correct, these allegations are not legally sufficient to state a claim for fraud in Louisiana. Article 1953 of the Louisiana Civil Code defines fraud as:

> a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

A review of the record reveals no evidence that Thiede intended to obtain an unjust advantage or cause loss or inconvenience to plaintiff. Plaintiff argues that Walter Ltd. committed fraud in order to obtain the plaintiff's database which contained a list of the plaintiff's customers and business contacts. However, the database was not turned over to Walter Ltd. until January, 1992, after the plaintiff was terminated. Furthermore, the deposition testimony of the plaintiff indicates that the alleged misrepresentation concerning the plaintiff's commission structure "could have been an honest mistake."[29]

For these reasons, the Court finds that the defendants' motions for summary judgment as to the plaintiff's fraud claim should be granted.

## IV. Plaintiff's Breach of Contract Claim

■ Mochelle alleges that the Walter entities breached an oral agreement regarding the plaintiff's commission revenue structure and expense reimbursement for plaintiff's car phone and engine oil. Plaintiff relies only on his own affidavit and deposition testimony to oppose defendants' motion.

The Court finds that Walter Inc. is not liable under the plaintiff's breach of contract claim. As discussed in the fraud claim, the alleged oral agreement was between Mochelle and Thiede, in his capacity as an employee of Walter Ltd. Therefore, Walter Inc.'s motion for summary judgment as to the breach of contract claim should be granted.

Article 1927 of the Louisiana Civil Code provides, in pertinent part:

> A contract is formed by the consent of the parties established through offer and acceptance.

> Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

■ Article 1846 of the Civil Code, found in Chapter Five, Proof of Obligations, qualifies the language of article 1927 by providing:

> When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.

> *If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.* (emphasis added).

---

27. See Fed.R.Civ.P. 9(b); See also supra note 2.

28. See plaintiff's deposition at pp. 66–69, 192–197, 199–204.

29. Plaintiff's deposition at p. 211.

Plaintiff claims the Walter entities breached an oral contract by their failure to pay 3% commission on products sold for less than $150.00, and their failure to pay plaintiff's car phone and engine oil expenses. It is uncontested that the reimbursement sought by the plaintiff is in excess of $500.00. Assuming that this Court finds that plaintiff is a credible witness for the purposes of this breach of contract claim, plaintiff has not supported his testimony with any corroborating circumstances. Therefore, plaintiff has not complied with the mandatory language of Louisiana Civil Code article 1846.

██ Regardless of the requirements of article 1846, plaintiff has not introduced evidence to show that a contract was entered into by the parties. Plaintiff relies on his own deposition as evidence of the parties' oral agreement. However, when asked about his reaction when he learned that he would only receive commission on sales of over $150.00, plaintiff testified as follows:

> [Thiede] said I didn't get paid on sales of $150 or less, and he should have explained it to me better. And I accepted that and let it go at that. I was disappointed but, you know, we all make mistakes.[30]

Plaintiff's deposition, which is the basis for plaintiff's breach of contract claim, demonstrates that there was no consent to form a contract containing the terms described by plaintiff. Furthermore, plaintiff has not introduced any other evidence such as the testimony of other Walter employees or a written agreement between the parties. Plaintiff's allegations, unsupported by any evidence, are not sufficient to preclude summary judgment under Rule 56. Therefore, Walter Ltd.'s motion for summary judgment as to the breach of contract claim must be granted.

Therefore, IT IS ORDERED that all pending motions for summary judgment filed by the defendants, Walter Inc. and Walter Ltd., are hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's Rule 56(f) motion be and it is hereby DENIED.

---

30. Plaintiff's deposition at pp. 210–211.

IT IS FURTHER ORDERED that this suit be DISMISSED with prejudice. Judgment shall be entered accordingly.